## STATE vs. WESTON and others.

In an action against the owner of a school land certificate, in possession of the land, for cutting timber thereon, the state is not entitled to recover the full value of the timber cut, irrespective of the question whether there remains a sufficient security for the unpaid purchase money; but can recover only for the injury done to the security.

APPEAL from the Circuit Court for *Wood* County.

The case is stated by the court.

*Smith & Keyes*, for appellants.

*The Attorney General*, for the state.

*By the Court*, PAINE, J. This action was brought by the state against the defendants for cutting timber from school lands. It was conceded that the defendants had purchased the lands from the state, taken certificates in due form, paid all sums required at the time of ·the purchase and all that became payable thereafter according to the terms of the contracts, being thus in no default, and also that they were in possession. Upon these facts the court found that the state was entitled to recover the full value of the timber cut, there being however no evidence to show what was the value of the lands after the timber was cut, or from which the court could form any conclusion whether they were still a perfect security for the amount due the state or not.

A motion was made for a new trial on the ground that the finding was against the evidence, which was overruled and an exception taken. And this fairly presents the question whether the finding as to the amount of damages can be sustained.

While we think the state may maintain an action against a purchaser in possession for cutting timber which he is prohibited by the statute from cutting, yet it does not follow that it may recover as damages, in every instance, the full value of the timber cut. To determine this question it is necessary to consider the nature of the interest which the state still has in the property, after a sale, or, what is the same thing, to consider the relation between the state and the purchaser. That relation is in substance the relation between mortgagee and mortgagor. True it is not in form; yet I think it would have been if the constitution had been obeyed; for it provided that in any case of a sale of school lands on credit, the state should take back a mortgage as security. Art. X,

sec. 8. But instead of doing this the legislature provided that in case of sale the state should retain the title as security, and this court sustained the validity of the law. *Smith v. Mariner*, 5 Wis., 551. Still for the purposes of the question now under consideration, there is no substantial difference between the relation between mortgagee and mortgagor and that between vendor and purchaser, where the latter has paid part of the purchase money and been put in possession. In either case the relation is that between a creditor and debtor, the creditor having a lien upon the land as security for his debt. This is all the interest which the state has in these lands after a sale, and that being so, it seems necessarily to follow that an injury not to the land merely, but to the security, can alone sustain an action. Under this rule the state can never suffer any injury. Under the opposite, the purchaser might suffer great loss. Thus, suppose a case where only a hundred dollars remained to be paid to the state. The purchaser in possession cuts off timber of the value of five hundred dollars, notwithstanding which the land is still worth a thousand dollars. It is obvious that in such a case the state sustains no damage. If it could maintain an action for the full value of the timber cut, it could of course afterwards collect the remaining $100, so that it would receive six hundred dollars for its interest in the land, when that interest amounted only to one hundred dollars.

For these reasons, we think an injury to the security is the essential element of such a cause of action. And because there was no proof to show that the security was injured, the finding that the plaintiff was entitled to recover the full value of the trees cut was not sustained by the evidence, and a new trial should have been granted.

The judgment is reversed, with costs, and the cause remanded for a new trial.